IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,** § § § | |
| **Plaintiff,** § | CIVIL ACTION NO. 4:24-cv-00585 |
| § | |
| vs. § | |
| § | |
| **JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY,** § § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT
AND LANHAM ACT VIOLATIONS**

Plaintiff, Bravado International Group Merchandising Services, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

**PARTIES**

2. Bravado International Group Merchandising Services, Inc., ("Plaintiff") is a California corporation with its principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and XYZ Company through its agents, servants and employees, will be present in and about the Southern District of Texas, Houston Division in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including but not limited to T-shirts, jerseys, sweatshirts, hats, buttons, posters and tour books, (collectively "Merchandise") which contain the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. "**OLIVIA RODRIGO**" (the "Artist") is the trademark used by a musical performer in connection with her performing, recording, merchandising and other related goods and services in all aspects of the entertainment industry and to distinguish her from all other such performers. The Artist has used her trademarks in connection with her goods and services for over 8 years.

8. The Artist has obtained a Federal Trademark Registration and accepted pending registrations for her **OLIVIA RODRIGO** and related trademarks: Registration Number 6982966 for use in connection with International Class ("IC") 25 clothing; **Olivia Rodrigo** Pending Registration Serial Number 90637520 for use in connection with IC 25 clothing, IC

41entertainment services, IC 009 recordings, and IC 003 health and beauty products, **Olivia Rodrigo** Pending Registration Serial Number 90738150 for use in connection with IC 21 glassware, and IC 24 household, kitchen and bed linens; **Olivia Rodrigo** Pending Registration Serial Number 90637520 for use in connection with IC 025 clothing, IC 009 recordings, IC 041 entertainment services, and IC 003 health and beauty products; **Drivers License** Pending Registration Serial Number 90637532 for use in connection with IC 025 clothing, IC 041 entertainment services, IC 009 recordings, and IC 018 carrying bags; 🦋 Pending Registration Serial Number 90738126 for use in connection with IC 025 clothing, IC 018 carrying bags, IC 041 entertainment services, IC 009 recordings, and IC 003 health and beauty products.

9. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's United States tour (the "Tour").

10. The Artist has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish her marks from those of others by, among other things, prominently displaying the Artist's Trademarks on the Authorized Tour Merchandise, such as T-shirts, jackets, and other apparel and goods.

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, which have been attended by millions of popular music enthusiasts.

3

12. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of Authorized Tour Merchandise. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13. On February 27, 2024, at the Toyota Center in Houston, Texas, the Artist will perform (the "Concert") and thereafter throughout the United States. Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States in connection with the Tour, including at the Concert.

## **DEFENDANTS' UNLAWFUL CONDUCT**

14. Defendants will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise") before, during and after the at Concert and its vicinity, and thereafter at subsequent concerts during the Tour.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. The Infringing Merchandise sold by Defendants is generally of inferior quality.

16. The manufacture, distribution and sale of Infringing Merchandise is likely to injure the reputation of the Artist which has developed by virtue of her public performances and the reputation for high quality associated with Plaintiff and its Authorized Tour Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale and distribution of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is

subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures the Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the any or all of the Artist's Trademarks constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

19. Upon information and belief, Defendants and others have and will continue to engage in such infringing activities in this State and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## **FIRST CLAIM FOR RELIEF**
**(Infringement of Registered Trademark)**

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## **SECOND CLAIM FOR RELIEF**
**(Violation of the Lanham Act)**

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Bravado International Group Merchandising Services, Inc., seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

C. That Defendants deliver up for destruction any and all Infringing Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.	As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: February 20, 2024	Respectfully Submitted,

By: /s/ Cara R. Burns
Cara R. Burns, Esq.
Attorney-In-Charge
State Bar No. (CA) 137557
Southern District of Texas Bar No. 111129
Mims, Kaplan, Burns & Garretson
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Tel: (310) 314-1721
Fax: (949) 340-9737